# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **MIDWEST REGIONAL BANK,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **TROPICAL GOLF PROPERTIES, LLC;** | § |
| **TCF EQUIPMENT FINANCE, A** | § |
| **DIVISION OF TCF NATIONAL BANK;** | § |
| **FLORIDA DEPARTMENT OF** | |
| **REVENUE; TODD DANIEL** | |
| **BENORTHAM, individually; SONYA** | |
| **LYNN BENORTHAM, individually;** | |
| **RADD WENTWORTH SPV, LLC;** | |
| **UNKNOWN TENANT IN POSSESSION** | |
| **OF THE CRE #1; UNKNOWN TENANT** | |
| **IN POSSESSION OF THE CRE #2;** | |
| **UNKNOWN TENANT IN POSSESSION** | |
| **OF THE RRE #1; UNKNOWN TENANT** | |
| **IN POSSESSION OF THE RRE #2,** | |
| | |
| **Defendants.** | |

_____/

## CREDITOR MIDWEST REGIONAL BANK'S COMPLAINT TO COLLECT AMOUNTS DUE AND OWING UNDER A PROMISSORY NOTE AND GUARANTY, AND TO FORECLOSE ON SECURITY INTERESTS IN COLLATERAL AND REAL PROPERTY

Creditor Midwest Regional Bank ("**Lender**"), by and through undersigned counsel and pursuant to FED. R. CIV. P. 3, files its Complaint for (i) breach of a promissory note; (ii) foreclosure of a commercial mortgage; (iii) foreclosure of a residential mortgage; (iv) foreclosure of a commercial security agreement; and (v) breach of a guaranty (the "**Complaint**"), and in support thereof respectfully represents:

## I.    PARTIES

1.      Lender is a corporation incorporated under the laws of the State of Missouri, with its principal place of business located at 363 Festus Centre Dr., P.O. Box 1269, Festus, Missouri 63028-1269.

2.      Tropical Golf Properties, LLC ("**Tropical**") is a limited liability company associated under the laws of the State of Florida with its principal place of business located at 5404 Cypress Center Drive, Ste. 320, Tampa, Florida 33609 and whose members are citizens of the State of Florida.

3.      TCF Equipment Finance, a division of TCF National Bank ("**TCF**") is a corporation incorporated under the laws of the State of Minnesota with its principal place of business located at 11100 Wayzata Boulevard, Ste. 801, Minnetonka, Minnesota 55305.

4.      The Florida Department of Revenue ("**FDOR**") is a state or a public entity and considered to be an arm of the State of Florida and is a proper party to be sued in this action by virtue of *Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1235 (11th Cir. 2017).

5.      Todd Daniel Benortham ("**T. Benortham**"), an individual of full age of majority, is a citizen of, and resides in Pasco County, Florida, and is domiciled at 1851 Rensselaer Dr., Wesley Chapel, Florida 33543.  T. Benortham is a past managing member of Tropical.

6.      Sonya Lynn Benortham ("**S. Benortham**"), an individual of full age of majority, is a citizen of, and resides in Pasco County, Florida, and is domiciled at 1851

Rensselaer Dr., Wesley Chapel, Florida 33543.  S. Benortham is a past managing member of Tropical.

7.    RADD Wentworth SPV, LLC ("**RADD**") is a limited liability company associated under the laws of the State of Florida with its principal place of business located at 2990 Wentworth Way, Tarpon Springs, Florida 34688 and whose members are citizens of the State of Florida.

8.    Unknown Tenant in Possession of the CRE #1, an individual of full age of majority, is a citizen of, and resides in Pinellas County, Florida.

9.    Unknown Tenant in Possession of the CRE #2, an individual of full age of majority, is a citizen of, and resides in Pinellas County, Florida.

10.    Unknown Tenant in Possession of the RRE #1, an individual of full age of majority, is a citizen of, and resides in Pasco County, Florida.

11.    Unknown Tenant in Possession of the RRE #2, an individual of full age of majority, is a citizen of, and resides in Pasco County, Florida.

## II.    JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1444, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The accelerated balance due under the Promissory Note (as defined hereinafter) in accordance with the Loan Documents (as defined hereinafter) includes no less than $1,658,929.74 in principal together with accrued contractual interest, late charges, escrow advances, and other recoverable charges.

13.    Complete diversity exists between Plaintiff Lender, a citizen of the State of Missouri, as it is a corporation incorporated under the laws of the State of Missouri, with its principal place of business located in Festus, Missouri; and Defendants:

(a)    Tropical is a citizen of the State of Florida, as it is a Florida limited liability company with its principal place of business in Florida.  Its members are Brandon Mendenhall and Amy Vaughn, both citizens of the State of Florida;

(b)    TCF is a citizen of the State of Minnesota, as it is a Minnesota corporation with its principal place of business in Minnesota;

(c)    Jurisdiction over FDOR exists by virtue of it being an arm of the State of Florida;

(d)    T. Benortham is an individual domiciled in Florida and a citizen of the State of Florida;

(e)    S. Benortham is an individual domiciled in Florida and a citizen of the State of Florida;

(f)    RADD is a citizen of the State of Florida, as it is a Florida limited liability company with its principal place of business in Florida.  Its member is Brandon Mendenhall, a citizen of the State of Florida;

(g)    Unknown Tenant in Possession of the CRE #1, Unknown Tenant in Possession of the CRE #2, Unknown Tenant in Possession of the RRE #1, and Unknown Tenant in Possession of the RRE #2 are citizens of the State of Florida.

III.    **GENERAL ALLEGATIONS**

A.    **The Loan**

14.    Lender is the original obligee as well as the current owner and holder of a U.S. Small Business Administration ("SBA") Note extended to Tropical (the "**Note**") in the original principal amount of $1,581,000.00.

15.    Lender is the originator and owner of the Note and is in physical possession of the original Note, a true and correct copy of which is attached hereto as "**Exhibit A**," and by virtue of being in possession of such original Note, is the holder of that Note and the payee thereunder.

B.    **The Loan Documents**

16.    On December 30, 2020, Tropical ("**Borrower**"), and Lender executed several binding agreements evidencing the Loan, including, among other things, the Note; a commercial mortgage (the "**Commercial Mortgage**"); a residential mortgage (the "**Residential Mortgage**"); and a Commercial Security Agreement (the "**Security Agreement**"), and S. Benortham and T. Benortham each executed a U.S. Small Business Administration Unconditional Guarantee (together, the "**Guaranty**") (all of which are defined hereinafter).

17.    Borrower executed the Note in favor of Lender pursuant to which the original principal amount was $1,581,000.00 bearing interest at the Wall Street Journal Prime Rate plus 2.75% per annum. *See* "**Exhibit A**."

18.    T. Benortham and S. Benortham, the then-managing members of Tropical, executed the Commercial Mortgage secured by commercial real estate defined therein (the

"CRE") pursuant to which Lender extended the Loan to Borrower under the terms and conditions set forth therein. Attached hereto is a true and correct copy of the Commercial Mortgage as "**Exhibit B**."

19.     T. Benortham and S. Benortham executed the Residential Mortgage secured by residential real estate defined therein (the "RRE") pursuant to which Lender extended the Loan to Borrower under the terms and conditions set forth therein. Attached hereto is a true and correct copy of the Residential Mortgage as "**Exhibit C**."

20.     Borrower executed the Security Agreement pursuant to which Borrower granted Lender a security interest in certain collateral more particularly described therein (the "**Secured Collateral**"). Attached hereto is a true and correct copy of the Security Agreement as "**Exhibit D**."

21.     S. Benortham and T. Benortham executed the Guaranty pursuant to which S. Benortham "unconditionally guarantee[d] payment to Lender of all amounts owing under the Note." Attached hereto is a true and correct copy of the Guaranty as "**Composite Exhibit E**."

22.     RADD executed an Agreement to Assume Outstanding Loan Obligations (the "Assumption Agreement"), assuming and agreeing to pay and discharge as and when due and payable, the outstanding liabilities and obligations existing under the Loan and other Loan Documents (defined below).  Attached hereto is a true and correct copy of the Assumption Agreement as "**Exhibit F**."

23.     The Note, the Commercial Mortgage, the Residential Mortgage, the Security Agreement, the Guaranty, and the Assumption Agreement and all schedules,

exhibits, amendments, and other documents related thereto, are collectively referred to herein as the "**Loan Documents**."

     C.     **Events of Default under the Loan Documents**

24.     The Note provides that, among other things, each of the following shall constitute an Event of Default thereunder:

(a)     Borrower fails to do anything required by the Note and/or other Loan Documents;

(b)     Borrower does not preserve, or account to Lender's satisfaction, for any of the Collateral or its proceeds;

(c)     Borrower does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or the SBA;

(d)     Borrower fails to pay any taxes when due;

(e)     Borrower has an adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

(f)     Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; and

(g)     Borrower becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay the Note.

25.     The Commercial Mortgage provides that, among other things, each of the following shall constitute an Event of Default thereunder:

(a)     Borrower fails to make any payment when due under the Note;

(b)    Borrower fails to within the time required by the Commercial Mortgage to make any payment for taxes or insurance, or any other payment necessary to prevent of or to effect discharge of any lien;

(c)    The Commercial Mortgage or any of the Loan Documents ceases to be in full force and effect at any time and for any reason;

(d)    Any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein;

(e)    Any of the preceding events occurs with respect to S. Benortham and T. Benortham, or either dies, becomes incompetent, or revokes or disputes the validity of, or liability under, the Guaranty;

(f)    A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance under the Note is impaired; and

(g)    Lender believes in good faith that it is insecure.

26.    The Commercial Mortgage also provides for cross-collateralization of the indebtedness under the Note as defined in the Commercial Mortgage.

27.    The Residential Mortgage provides that, among other things, each of the following shall constitute an Event of Default thereunder:

(a)    Borrower fails to make any payment when due under the Note;

(b)     Borrower fails to within the time required by the Residential Mortgage to make any payment for taxes or insurance, or any other payment necessary to prevent of or to effect discharge of any lien;

(c)     Borrower fails to comply with or to perform any term, obligation, covenant, or condition contained in the Residential Mortgage or the Loan Documents, or to comply with or to perform any term, condition, covenant, or condition contained in any other agreement between Borrower and Lender;

(d)     The Residential Mortgage or any of the Loan Documents ceases to be in full force and effect at any time and for any reason;

(e)     Any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein;

(f)     Any of the preceding events occurs with respect to S. Benortham and T. Benortham, or either dies, becomes incompetent, or revokes or disputes the validity of, or liability under, the Guaranty.

(g)     A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance under the Note is impaired; and

(h)     Lender believes in good faith that it is insecure.

28.     The Residential Mortgage also provides for cross-collateralization of the indebtedness under the Note as defined in the Residential Mortgage.

29.     The Security Agreement provides that, among other things, each of the following shall constitute an Event of Default thereunder:

(a)     Borrower fails to make any payment when due under the Note;

(b)     Borrower fails to comply with or to perform any term, obligation, covenant, or condition contained in the Security Agreement or the Loan Documents, or to comply with or to perform any term, condition, covenant, or condition contained in any other agreement between Borrower and Lender;

(c)     The Security Agreement or any of the Loan Documents ceases to be in full force and effect at any time and for any reason;

(d)     Any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein;

(e)     Any of the preceding events occurs with respect to S. Benortham and T. Benortham, or either dies, becomes incompetent, or revokes or disputes the validity of, or liability under, the Guaranty;

(f)     A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance under the Note is impaired; and

(g)     Lender believes in good faith that it is insecure.

30.     The Security Agreement also provides for cross-collateralization of the indebtedness under the Note as defined in the Security Agreement.

31.     The Guaranty provides, among other things, that an Event of Default under the Note and other Loan Documents can serve as an Event of Default under the Guaranty.

32.     Upon an Event of Default (as defined in the Loan Documents), Lender may, among other things, declare the entire indebtedness due pursuant to the Note immediately due and payable, without notice of any kind to Borrower, and foreclose and sell the CRE, the RRE, and the Collateral.

33.     Under the Note, if a payment is late by ten (10) days or more, Borrower will be charged 5.000 % of the unpaid portion of the regularly scheduled payment.

### D.     Attorneys' Fees

34.     Under the Loan Documents, Borrower, RADD, T. Benortham, and S. Benortham agreed to pay all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of the Loan Documents. Such amounts include Lender's reasonable attorneys' fees and legal expenses for bankruptcy proceedings, appeals, and any anticipated post-judgment collection services.  Borrower is also responsible for any court costs and additional fees as may be directed by the Court.

35.     Lender has engaged the firm of McGlinchey Stafford, PLLC to enforce Lender's rights under the Loan Documents and to institute these proceedings to collect the amounts due under the Loan Documents. Accordingly, Lender is entitled to recover from Borrower, RADD, T. Benortham, and S. Benortham the reasonable attorneys' fees, court costs and other expenses it incurs in connection therewith and with these proceedings.

E.    **The Defaults**

36.     Borrower, RADD, T. Benortham, and S. Benortham are currently in default under the Loan Documents because: (a) Borrower failed to pay the monthly installments due in connection with the Loan beginning with the installment due on October 30, 2024; (b) Borrower failed to pay each monthly installment due thereafter; (c) Borrower failed to pay taxes on the CRE (the "**Defaults**").

37.     By letters dated October 30, 2024, December 02, 2024, and December 19, 2024, Lender provided notice of the Defaults to Borrower, as well as T. Benortham and S. Benortham, and that as a result of the Defaults, Lender had exercised its option to accelerate all amounts owed under the Loan Documents to be immediately due and payable (collectively, the "**Demand Letter**").   Further, pursuant to the Demand Letter, Lender demanded that Borrower pay the amounts due and owing by December 30, 2024.

38.     Borrower, RADD, T. Benortham, and S. Benortham, failed to pay the amounts due and owing as demanded in the Demand Letter.

F.    **Amounts Due and Owing**

39.     Borrower has failed to satisfy the obligations to Lender under the Loan Documents for outstanding amounts due and owing.

40.     The amounts due and owing under Loan as of August 21, 2025, are:

| | | |
|---|---|---:|
| **Principal Balance** | **$** | **1,457,776.92** |
| **Interest** | **$** | **126,921.69** |
| **Late Charges** | $ | **7,222.57** |
| **Non-SBA Fees** | $ | **16,752.14** |
| **Escrow** | **$** | **50,256.42** |
| **Subtotal** | **$** | **1,658,929.74** |

**plus all interest accruing (as defined in the Note) thereafter, together with all late charges, fees, attorneys' fees, expenses, and costs that have accrued as of August 22, 2025, and that continue to accrue thereafter, until all obligations due to Lender under the Loan Documents are paid in full, subject to changes in the applicable interest rates, if any, prior to such payment in full.**

41.     All conditions precedent to the acceleration of the Note and the other Loan Documents and the filing of the instant Complaint have been satisfied, waived, or fulfilled.

## <u>COUNT I – BREACH OF PROMISSORY NOTE</u>

42.     Lender adopts and realleges each and every allegation contained in Paragraphs 1 through 41 above as specifically set forth herein.

43.     This is an action against Borrower for breach of its obligations under the Note, and against RADD for breach of its obligations under the Note pursuant to the Assumption Agreement.

44.     At all relevant times, Lender is the original obligee and payee on the face of the Note and has maintained possession of the original Note since originating the Loan.

45.     Lender has fulfilled all of its obligations under the Note and all Loan Documents.

46.     Pursuant to the terms of the Note, Borrower and RADD agreed to make monthly payments in the amount of $10,186.04 to Lender over a period of twenty-five (25) years from the date of the Note.

47.     Borrower and RADD are in default under and in breach of the terms of Note, the Assumption Agreement, and the Loan Documents for, among other things, failing to make the monthly payment due under the Note, the Assumption Agreement, and related

Loan Documents for October 30, 2024, and all subsequent monthly payments due thereafter, and otherwise failing to perform the obligations under the Loan, the Note, the Assumption Agreement, and the Loan Documents.

**WHEREFORE**, for the reasons set forth above, Lender demands judgment against Borrower and RADD for damages resulting from their breach of the Note and all related Loan Documents, including all amounts owed under the Loan Documents, plus prejudgment interest and post-judgment interest, plus reasonable attorneys' fees and costs incurred by Lender in connection with the Defaults, including, without limitation, the attorneys' fees and costs incurred in connection with the above-captioned matter and the enforcement of any judgment entered in connection with the captioned matter, and such other further relief as the Court deems just and proper.

## COUNT II – FORECLOSURE OF COMMERCIAL MORTGAGE

48. Lender adopts and realleges each and every allegation contained in Paragraphs 1 through 41 above as specifically set forth herein.

49. This is an action to foreclose the Commercial Mortgage on the CRE located in Pinellas County, Florida, and by reason thereof the venue for this matter is in this Court.

50. Borrower executed and delivered the Note and the Commercial Mortgage securing payment of the Note to the payee named thereon. The Commercial Mortgage was recorded in Official Records Book 21324, at Page 2017, of the Public Records of Pinellas County, Florida, and mortgaged the property described in the Commercial Mortgage then owned by and in possession of Tropical. *See* Exs. A, B.

51.    The Commercial Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien or interest arising out of Defendants' interest in the CRE, if any.

52.    Tropical is the current owner of the CRE.

53.    Borrower is in default under and in breach of the terms of the Loan Documents by, without limitation, failing to make payments due under the Note and the Loan Documents for the October 30, 2024 payment, and all monthly payments due thereafter, failing to pay taxes when due, and otherwise failing to perform the obligations under the Loan and the Loan Documents.

54.    Lender declares the full amount payable under the Note and the Commercial Mortgage to be due and payable.

55.    Defendant, TCF, is joined because it may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the CRE.  Any right, title, or interest in and to the CRE is junior, subordinate, and inferior to the lien of the Commercial Mortgage.

56.    Defendant, FDOR, is joined because it may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the CRE.  Any right, title, or interest in and to the CRE is junior, subordinate, and inferior to the lien of the Commercial Mortgage.

57.    Defendant, RADD, is joined because it may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the CRE.  Any

right, title, or interest in and to the CRE is junior, subordinate, and inferior to the lien of the Commercial Mortgage.

58.    Defendant, Unknown Tenant in Possession of the CRE #1, is joined because they may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the CRE.  Any right, title, or interest in and to the CRE is junior, subordinate, and inferior to the lien of the Commercial Mortgage.

59.    Defendant, Unknown Tenant in Possession of the CRE #2, is joined because they may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the CRE.  Any right, title, or interest in and to the CRE is junior, subordinate, and inferior to the lien of the Commercial Mortgage.

**WHEREFORE**, Lender demands judgment foreclosing the Commercial Mortgage, for costs and for attorneys' fees, and respectfully requests that the Court enter a Final Judgment:  (a) enumerating all amounts the court determines due to Lender pursuant to said Note and Commercial Mortgage, (b) ordering the sale the CRE to satisfy the amount due Lender, in whole or in part; (c) adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior and subordinate to the Plaintiff's Commercial Mortgage lien and be forever barred and foreclosed; (d) retaining jurisdiction of the Court in this action to make any and all further orders and judgments as may be necessary and proper, including issuance of a writ of possession, the re-foreclosure of the Commercial Mortgage, if needed, and the entry of a deficiency, only when and if such deficiency is sought; and, (e) for such other and further relief as the court may deem just and proper.

## COUNT III – FORECLOSURE OF RESIDENTIAL MORTGAGE

60.    Lender adopts and realleges each and every allegation contained in Paragraphs 1 through 41 above as specifically set forth herein.

61.    This is an action to foreclose the Residential Mortgage on the RRE located in Pasco County, Florida, and by reason thereof the venue for this matter is in this Court.

62.    Borrower executed and delivered the Note, and T. Benortham and S. Benortham executed the Residential Mortgage securing payment of the Note to the payee named thereon.  The Residential Mortgage was recorded in Official Records Book 10249, at Page 3293, of the Public Records of Pasco County, Florida, and mortgaged the property described in the Residential Mortgage then owned by and in possession of T. Benortham and S. Benortham.  *See* Exs. A, C.

63.    The Residential Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien or interest arising out of Defendants' interest in the RRE, if any.

64.    T. Benortham and S. Benortham are the current owners of the RRE.

65.     Borrower is in default under and in breach of the terms of the Loan Documents by, without limitation, failing to make payments due under the Note and the Loan Documents for the October 30, 2024 payment, and all monthly payments due thereafter, and otherwise failing to perform the obligations under the Loan and the Loan Documents.

66.    Lender declares the full amount payable under the Note and the Residential Mortgage to be due and payable.

67.    Defendant, Unknown Tenant in Possession of the RRE #1, is joined because they may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the RRE.  Any right, title, or interest in and to the RRE is junior, subordinate, and inferior to the lien of the Residential Mortgage.

68.    Defendant, Unknown Tenant in Possession of the RRE #2, is joined because they may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the RRE.  Any right, title, or interest in and to the RRE is junior, subordinate, and inferior to the lien of the Residential Mortgage.

**WHEREFORE**, Lender demands judgment foreclosing the Residential Mortgage, for costs and for attorneys' fees, and respectfully requests that the Court enter a Final Judgment:  (a) enumerating all amounts the court determines due to Lender pursuant to said Note and Residential Mortgage, (b) ordering the sale the RRE to satisfy the amount due Lender, in whole or in part; (c) adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior and subordinate to the Lender's Residential Mortgage lien and be forever barred and foreclosed; (d) retaining jurisdiction of the Court in this action to make any and all further orders and judgments as may be necessary and proper, including issuance of a writ of possession, to determine the amount of assessments due pursuant to sections 718.116 or 720.3085, if any, the re-foreclosure of the Residential Mortgage, if needed, and the entry of a deficiency, only when and if such deficiency is sought; and, (e) for such other and further relief as the court may deem just and proper.

## COUNT IV – FORECLOSURE OF SECURITY AGREEMENT

69.     Lender adopts and realleges each and every allegation contained in Paragraphs 1 through 41 above as specifically set forth herein.

70.     This is an action to foreclose a security interest in the Secured Collateral.

71.     Pursuant to the terms of the Security Agreement and the Loan Documents, Borrower granted Lender a security interest in the Secured Collateral to secure the indebtedness due under the Loan.

72.      Borrower is in default under and in breach of the terms of the Loan Documents by, without limitation, failing to make payments due under the Note and the Loan Documents for the October 30, 2024 payment, and all monthly payments due thereafter, and otherwise failing to perform the obligations under the Loan and the Loan Documents.

73.     Defendant, TCF, is joined because it may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the Secured Collateral. Any right, title, or interest in and to the Secured Collateral is junior, subordinate, and inferior to the lien of the Security Agreement.

74.     Defendant, FDOR, is joined because it may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the Secured Collateral.  Any right, title, or interest in and to the Secured Collateral is junior, subordinate, and inferior to the lien of the Security Agreement.

75.     Defendant, RADD, is joined because it may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the Secured

Collateral. Any right, title, or interest in and to the Secured Collateral is junior, subordinate, and inferior to the lien of the Security Agreement.

76.     Defendant, Unknown Tenant in Possession of the CRE #1, is joined because they may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the Secured Collateral. Any right, title, or interest in and to the Secured Collateral is junior, subordinate, and inferior to the lien of the Security Agreement.

77.     Defendant, Unknown Tenant in Possession of the CRE #2, is joined because they may claim some interest, right, claim, lien, encumbrance and equity, either recorded or unrecorded, upon the Secured Collateral. Any right, title, or interest in and to the Secured Collateral is junior, subordinate, and inferior to the lien of the Security Agreement.

**WHEREFORE**, for the reasons set forth above, Lender demands judgment of foreclosure against Borrower to sell the Secured Collateral in satisfaction of the Loan in accordance with the Loan Documents, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## COUNT V – BREACH OF GUARANTY

78.     Lender adopts and realleges each and every allegation contained in Paragraphs 1 through 41 above as specifically set forth herein.

79.     This is an action against S. Benortham and T. Benortham for breach of the Guaranty.

80.     Pursuant to the Guaranty, S. Benortham and T. Benortham unconditionally guaranteed the full and punctual payment and satisfaction of the indebtedness of Borrower

81.     to Lender pursuant to the Note and the performance of all of Borrower's obligations to Lender under the Loan Documents.

82.     Indebtedness, as defined under the Guaranty and the Note, includes all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, reasonable attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or thereafter arising or acquired, that Borrower owes Lender.

83.     Borrower and, in turn S. Benortham and T. Benortham, are in default under and in breach of the terms of the Loan Documents by, without limitation, failing to make payments due under the Note and related Loan Documents for the October 30, 2024 payment, and all monthly payments due thereafter, and otherwise failing to perform the obligations under the Loan and the Loan Documents.

84.     S. Benortham and T. Benortham have failed to pay all of Borrower's debts and obligations under the Loan and Loan Documents in accordance with the terms of the Guaranty.

**WHEREFORE**, for the reasons set forth above, Lender demands judgment against S. Benortham and T. Benortham, jointly and severally with Borrower, for all amounts owed under the Loan Documents, plus prejudgment interest and post-judgment interest, plus reasonable attorneys' fees and costs incurred by Lender in connection with the Defaults, including, without limitation, the attorneys' fees and costs incurred in connection with the above-captioned matter and the enforcement of any judgment entered in connection with the above-captioned matter, and such other further relief as the Court deems just and proper.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

This the 22ⁿᵈ day of August, 2025.

By: _____
Signature

Printed
Name: Brad Pitlyk

Title: Senior Vice President
Midwest Regional Bank


Respectfully submitted,

**McGLINCHEY STAFFORD**

*William L. Grimsley*

_____
Zina Gabsi, Esq.
Florida Bar No. 73789
201 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
(656) 228-0300 (Telephone)
(656) 206-3002 (Facsimile)
Primary E-mail: zgabsi@mcglinchey.com
Secondary E-mail:
dbeauchamp@mcglinchey.com

William L. Grimsley, Esq.
Florida Bar No. 84226
Kayleigh Wright, Esq.
Florida Bar # 1051881
10375 Centurion Parkway N., Suite 420
Jacksonville, FL 32256
wgrimsley@mcglinchey.com
kwright@mcglinchey.com
cgipson@mcglinchey.com
jeldemire@mcglinchey.com
***Counsel for Plaintiff Midwest Regional Bank***